CLERK, U. S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF TEXAS
FOR THE SOUTHERN DISTRICT OF TEXAS   FILED
HOUSTON DIVISION   6/21/02

MICHAEL N. MILBY, CLERK
BY DEPUTY

---

BERGER, et al.,

              Plaintiffs,

      v.

COMPAQ COMPUTER CORP., et al.,

           Defendants.

Consolidated Civil Action No. 98-1148

United States Courts
Southern District of Texas
ENTERED

JUL 0 1 2002

Michael N. Milby, Clerk of Court

## ORDER PRELIMINARILY APPROVING SETTLEMENT
## AND PROVIDING FOR NOTICE

WHEREAS, a consolidated class action is pending before the Court entitled *Berger, et al. v. Compaq Computer Corp., et al.*, C.A. No. 98-1148 (the "Litigation"); and

WHEREAS, the parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of the Litigation, in accordance with a Stipulation of Settlement dated as of June 21, 2002 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, the Stipulation provides for the conditional certification of a Class for purposes of settlement only; and

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED that:



116

1.      Pursuant to Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure, the Court hereby preliminarily certifies, for purposes of effectuating this settlement, a Class defined as all persons or entities who purchased Compaq Computer Corp. ("Compaq") securities during the period July 10, 1997 through March 6, 1998, inclusive, and who were damaged thereby.  Excluded from the Class are Defendants, members of the immediate families of the individual Defendants, any entity in which any Defendant has or had a controlling interest, directors and officers of Compaq, and the legal representatives, heirs, successors in interest, affiliates or assigns of all such persons or entities.  Also excluded from the Class are those Persons who timely request to be excluded from the Class pursuant to the Notice of Pendency and Proposed Settlement of Class Action to be sent to Class Members pursuant to this Order. The Court hereby further preliminarily certifies, for purposes of effectuating this settlement, that Mark Berger, Mark A. Salitan, Michael A. Brown and John Butler are appointed as class representatives.

2.      The certification of the Class and the appointment of class representatives shall be binding only with respect to the settlement of the Litigation and subject to the Court's resolution of any objections to the Class at the Settlement Hearing as defined in ¶5.  If, for any reason, the Stipulation is terminated, or the Effective Date for any reason does not occur, the certification of the Class shall automatically be vacated, and the Litigation shall proceed as though the Class had never been certified, and Defendants may assert all objections to class certification.

3.      The Court does hereby preliminarily approve the Stipulation and the settlement set forth therein, as within the range of possible approval, subject to further consideration at the Settlement Hearing described below.

4.   The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Summary Notice and the Proof of Claim and Release form (the "Proof of Claim") annexed respectively as Exhibits A-1, A-2 and A-3 hereto and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in ¶¶6-8 of this Order meet the requirements of Federal Rule of Civil Procedure 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

5.   A hearing (the "Settlement Hearing") shall be held before this Court on November 1    ,2002 at 2:30 p .m., at United States District Court, Southern District of Texas, Houston Division, 5401 Bob Casey United States Courthouse, 515 Rusk Ave, Houston, TX 77002, to determine:  (1) whether the Class as proposed in the Notice should be permanently certified for settlement purposes only in the Litigation; (2) whether the proposed settlement of the claims in the Litigation for the sum of $28,650,000 plus interest should be approved by the Court as fair, reasonable and adequate; (3) whether the Plan of Allocation is fair, reasonable and adequate; (4) whether the application for an award of attorneys' fees and reimbursement of costs and expenses and an award to lead plaintiffs should be approved; and (5) whether the Litigation should be dismissed with prejudice.  The Court may adjourn or continue the Settlement Hearing without further notice to the Class.

6.   Plaintiffs' Lead Counsel are hereby authorized to retain the firm of The Garden City Group, Inc. ("Claims Administrator") to administer the notice procedure as well as to process claims as more fully set forth below:

a.     Not later than twenty (20) days from the date of receipt of the shareholder list as provided in paragraph 8 of this Order, Plaintiffs' Lead Counsel shall cause a copy of the Notice and the Proof of Claim, substantially in the form annexed as Exhibits A-1 and A-2 hereto, to be mailed by first class mail to all Class Members who can be identified with reasonable effort (the initial date of actual mailing, the "Notice Date");

b.     Not later than ten (10) business days from the Notice Date, Plaintiffs' Lead Counsel shall cause the Summary Notice to be published once in the national edition of *The Wall Street Journal*; and

c.     At least five (5) business days prior to the Settlement Hearing, Plaintiffs' Lead Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

7.     Nominees who purchased Compaq securities during the period beginning July 10, 1997 and ending March 6, 1998, inclusive, shall send the Notice and the Proof of Claim to the beneficial owners of such Compaq stock within ten (10) business days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) business days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners. Plaintiffs' Lead Counsel shall, if requested, reimburse banks, brokerage houses or other nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Class Members out of the Settlement Fund, which expenses would not have been incurred except for the sending of such Notice, subject to further order of this Court with respect to any dispute concerning such compensation.

8.      Defendants shall use reasonable efforts to cause the transfer agent of Compaq, or by any other means, to deliver to Plaintiffs' Lead Counsel, or their authorized agents, within ten (10) business days of this Order, a list of the names and last known addresses of all readily identifiable Class Members.  Such listing shall be made available in computer-accessible form so as to facilitate prompt mailing at reasonable costs.  Such records shall be for the period beginning July 10, 1997 and ending March 6, 1998, inclusive.

9.      All members of the Class shall be bound by all determinations and judgments in the Litigation concerning the settlement, whether favorable or unfavorable to the Class.

10.     Class Members who wish to participate in the settlement shall complete and submit Proof of Claim forms in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Proof of Claim forms must be postmarked no later than ninety (90) days from the Notice Date.  Any Class Member who does not timely submit a Proof of Claim shall be barred from sharing in the distribution of the proceeds of the Settlement Fund, unless otherwise ordered by the Court.

11.     Any member of the Class may enter an appearance in the Litigation, individually or through counsel of their own choice, at their own expense.  If they do not enter an appearance, they will be represented by Plaintiffs' Lead Counsel.

12.     Pending final determination of whether the settlement should be approved, neither the Lead Plaintiffs nor any Class Member, either directly, representatively, or in any other capacity, shall commence or prosecute against any of the Released Persons any action or proceeding in any court or tribunal asserting any of the Released Claims.

13.    Any Person falling within the definition of the Class may, upon request, be excluded from the Class.   Any such Person must submit to Plaintiffs' Lead Counsel, c/o the address specified in the Notice, a signed written request for exclusion ("Request for Exclusion"), which must be mailed or delivered such that it is received on or before October 1, 2002.   A Request for Exclusion must state: (1) the name, address, and telephone number of the Person requesting exclusion; (2) the Person's purchases and sales of Compaq securities made during the Class Period, including the dates, the number of and type of securities, and price paid or received per share for each such purchase or sale; and (3) that the Person wishes to be excluded from the Class.   All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Settlement Fund, and shall not be bound by the Stipulation or the Final Judgment.   Any member of the Class who does not properly and timely request exclusion shall be included in the Class and shall be bound by any judgment entered in this Litigation.

14.    Any member of the Class may appear and show cause, if he, she or it has any, why the proposed settlement of the Litigation should or should not be approved as fair, reasonable and adequate, or why a judgment should or should not be entered thereon, why the proposed Plan of Allocation should or should not be approved, why the award to Lead Plaintiffs should or should not be approved, or why attorneys' fees, costs and expenses should or should not be awarded to Plaintiffs' Counsel; provided, however, that no Class Member or any other Person shall be heard or entitled to speak in favor or against the approval of the terms and conditions of the proposed settlement, or, if approved, the Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or the award to Lead Plaintiffs, or the attorneys' fees, costs and expenses to be awarded to Plaintiffs' Counsel unless

that Person has delivered by hand or sent by first class mail written objections and copies of any

other papers and briefs in favor or opposition such that they are received on or before _October 1_

2002, by:

> HOEFFNER & BILEK LLP
> Thomas E. Bilek
> 440 Louisiana Street, Suite 720
> Houston, TX 77002-1634
> **Plaintiffs' Liaison Counsel**
>
> VINSON & ELKINS
> John L. Carter
> 2300 First City Tower
> Houston, Texas 77002-6760
> **Attorneys for Defendant Compaq and the Individual Defendants**

and filed said objections, papers and briefs with:

> Clerk of the United States District Court
> Southern District of Texas, Houston Division
> 5401 Bob Casey United States Courthouse
> 515 Rusk Ave, Houston, TX 77002

on or before such date. Any member of the Class who does not make his, her or its objection in

the manner provided shall be deemed to have waived such objection and shall forever be

foreclosed from making any objection to the fairness or adequacy of the proposed settlement as

incorporated in the Stipulation, to the Plan of Allocation, to the class representative award, and to

the award of attorneys' fees and reimbursement of costs and expenses to counsel for the

plaintiffs, unless otherwise ordered by the Court.

      15.    The passage of title and ownership of the Settlement Fund to the

Receiving Agent in accordance with the terms and obligations of the Stipulation is approved. No

Person that is not a Class Member or counsel to the plaintiffs shall have any right to any portion

of, or in the distribution of, the Settlement Fund unless otherwise ordered by the Court or

otherwise provided in the Stipulation.

16.     All funds held by the Receiving Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

17.     All papers in support of the settlement, the Plan of Allocation, any application by counsel for the plaintiffs for attorneys' fees or reimbursement of costs and expenses and any class representative award shall be filed and served seven (7) days prior to the Settlement Hearing.

18.     Neither the Defendants nor Defendants' counsel shall take any position with respect to the Plan of Allocation or with respect to the amount sought in any application for attorneys' fees or reimbursement of costs and expenses submitted by Plaintiffs' Lead Counsel or any class representative award, and such matters will be considered separately from the fairness, reasonableness and adequacy of the settlement.

19.     At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Plaintiffs' Lead Counsel, any application for attorneys' fees or reimbursement of costs and expenses and any class representative award shall be approved.

20.     All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation.  In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither the Lead Plaintiffs nor any of Plaintiffs' Counsel shall have any obligation to repay any amounts actually and properly disbursed from or chargeable to the Class Notice and Administration Fund in accordance with the terms of the Stipulation but shall repay all other amounts as provided in the Stipulation.

21.     Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind or as an admission or concession by Lead Plaintiffs or any Class Member that any of their claims lacked merit.

22.     All proceedings in the Litigation, other than as may be necessary to carry out the terms and conditions of the Stipulation and Settlement are stayed and suspended. Both parties are relieved of any obligations with regard to outstanding discovery requests, until further order of the Court.

23.     The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Members of the Class, and it retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement. The Court may approve the settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

DATED: June 27, 2002

THE HONORABLE VANESSA GILMORE
UNITED STATES DISTRICT JUDGE

Submitted by:

HOEFFNER & BILEK LLP

By: _____
    Thomas E. Bilek
440 Louisiana Street, Suite 720
Houston, TX 77002-1634
Telephone:  (713) 227-7720
Facsimile:  (713) 227-9404

**Plaintiffs' Liaison Counsel**


VINSON & ELKINS

By: _____
    John L. Carter (JC _____ )
2300 First City Tower
Houston, Texas 77002-6760
Telephone:  (____) ____-_____
Facsimile:
(____) ____-_____

**Attorneys for Defendant Compaq Computer Corp. and the Individual Defendants**


/268006.4 (6/17/02)

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BERGER, et al., | x |
| Plaintiffs, | : |
| v. | : |
| COMPAQ COMPUTER CORP., et al., | : |
| Defendants. | : |
| | x |

Consolidated Civil Action No. 98-1148

CLASS ACTION

**NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION**

TO:      ALL PERSONS OR ENTITIES WHO PURCHASED SECURITIES OF COMPAQ COMPUTER CORP. ("COMPAQ") DURING THE PERIOD JULY 10, 1997 THROUGH MARCH 6, 1998, INCLUSIVE (THE "CLASS PERIOD")

PLEASE READ THIS NOTICE CAREFULLY.  YOUR RIGHTS MAY BE AFFECTED.  PLEASE NOTE THAT IF YOU ARE A CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT.  TO CLAIM YOUR SHARE OF THIS FUND, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE POSTMARKED ON OR BEFORE _____ [THE EXPIRATION OF NINETY DAYS AFTER THE MAILING OF THE NOTICE].

This Notice has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of Texas, Houston Division (the "Court") signed on June ___, 2002.  The purpose of this Notice is to inform you of the proposed settlement of this class action litigation and of the hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the settlement.  This Notice describes the rights you may have in connection with the settlement and what steps you may take in relation to the settlement and this class action litigation.

The proposed settlement creates a fund in the amount of $28,650,000 plus interest.  Based on Plaintiffs' Lead Counsels' estimate of the number of shares entitled to participate in the settlement, the average distribution per share for shares purchased before November 15, 1997 and held through March 6, 1998 will be approximately $.011 per share before deduction of Court-approved fees and expenses.  The average distribution per share for shares purchased on or after November 15, 1997 and held through March 6, 1998 will be approximately $.054 per share before deduction of Court-approved fees and expenses.  However, your actual recovery from this fund will depend on a number of variables, including the number of shares entitled to participate for which claims are received, the number and type of securities you purchased, your purchase price, your sale price, the expense of administering the claims process, the amount of attorneys' fees and expenses awarded, and the timing of your purchases and sales, if any.  Moreover, at this time damages to Class Period purchasers of option contracts cannot be determined with precision, and the per share recovery will be reduced to the extent that purchasers of option contracts recover for their losses, if any.

Lead Plaintiffs and Defendants do not agree on the average amount of damages per share that would be recoverable if Lead Plaintiffs were to have prevailed on each claim asserted.  The issues on which the parties disagree include: (1) the appropriate economic model for determining the amount by which Compaq common stock was artificially inflated (if at all) during the Class Period; (2) the amount by which Compaq common stock was allegedly artificially inflated (if at all) during the Class Period; (3) the effect of various market forces influencing the trading price of Compaq common stock at various times during the Class Period; (4) the extent to which external factors, such as general market conditions, influenced the trading price of Compaq common stock at various times during the Class Period; (5) the extent to which the various matters that Lead Plaintiffs alleged were materially false or misleading influenced (if at all) the trading price of Compaq common stock at various times during the Class Period; (6) the extent to which the various allegedly adverse material facts that Lead Plaintiffs claim were misstated or omitted influenced (if at all) the trading price of Compaq common stock at various times during the Class Period; and (7) whether the statements made or facts allegedly omitted were false, material, or otherwise actionable under the federal securities law.

Lead Plaintiffs believe that the proposed settlement is a good recovery and is in the best interests of the Class.  Because of the risks associated with continuing to litigate and proceeding to trial, there was a danger that Lead Plaintiffs would not have prevailed on any of their claims, in which case the Class would receive nothing.  For example, Lead Plaintiffs faced the possibility that all or many of the claims in this case could have been dismissed on summary judgment, by directed verdict or by jury verdict.  In addition, the amount of damages recoverable by the Class was and is challenged by Defendants.  Recoverable damages in this case are limited to losses caused by conduct actionable under applicable law, and had the Litigation gone to trial, Defendants intended to assert that all or most of the losses of Class Members were caused by non-actionable market, industry or general economic factors.  Defendants would also assert that throughout the Class Period the uncertainties and risks associated with Compaq's business and financial condition were fully and adequately disclosed.

Plaintiffs' Counsel have not received any payment for their services in conducting this Litigation on behalf of the Lead Plaintiffs and the members of the Class, nor have they been reimbursed for their out-of-pocket expenditures.  If the settlement is approved by the Court, Plaintiffs' Lead Counsel will apply to the Court for attorneys' fees of no greater than 30% of the settlement proceeds and reimbursement of out-of-pocket expenses not to exceed $1,000,000, both to be paid from the Settlement Fund.  If the amount of expenses requested by counsel is approved by the Court, the average cost per share would be approximately $0.001.

This Notice is not an expression of any opinion by the Court about the merits of any of the claims or defenses asserted by any party in this Litigation or the fairness or adequacy of the proposed settlement.

For further information regarding this settlement you may contact:

Jeffrey G. Smith
WOLF HALDENSTEIN ADLER FREEMAN & HERZ, LLP
270 Madison Avenue
New York, NY 10016
Telephone: (212) 545-4600
Facsimile: (212) 545-4653

Jules Brody
STULL STULL & BRODY
6 East 45th Street
New York, NY 10017
Telephone: (212) 687-7230
Facsimile:  (212) 490-2022

**Plaintiffs' Co-Lead Counsel**

Please do not call any representative of Compaq or of the Court.

## I.   NOTICE OF HEARING ON PROPOSED SETTLEMENT

A settlement hearing (the "Settlement Hearing") will be held on _____, 2002, at ___ _.m., before the Honorable Vanessa Gilmore, United States District Judge, at the United States District Court, Southern District of Texas, Houston Division, 5401 Bob Casey United States Courthouse, 515 Rusk Ave, Houston, TX 77002. The purpose of the Settlement Hearing will be to determine: (1) whether the Class as proposed in this Notice should be permanently certified for settlement purposes only in the Litigation; (2) whether the proposed settlement of the claims in the Litigation for the sum of $28,650,000 plus interest should be approved by the Court as fair, reasonable and adequate; (3) whether the Plan of Allocation is fair, reasonable and adequate; (4) whether the application for an award of attorneys' fees and reimbursement of costs and expenses and an award to Lead Plaintiffs should be approved; and (5) whether the Litigation should be dismissed with prejudice. The Court may adjourn or continue the Settlement Hearing without further notice to the Class.

## II.   DEFINITIONS USED IN THIS NOTICE

1.      "Authorized Claimant" means any Claimant whose claim for recovery has been allowed pursuant to the terms of the Stipulation and Plan of Allocation.

2.      "Claimant" means any Class Member who files a Proof of Claim and Release in such form and manner, and within such time, as the Court shall prescribe.

3.      "Class" means all persons or entities who purchased Compaq securities during the period July 10, 1997 through March 6, 1998, inclusive, and who were damaged thereby. Excluded from the Class are Defendants, members of the immediate families of the individual Defendants, any entity in which any Defendant has or had a controlling interest, directors and officers of Compaq, and the legal representatives, heirs, successors in interest, affiliates or assigns of all such persons or entities.

4.      "Defendants" means Compaq; Eckhard Pfeiffer; Earl L. Mason; John T. Rose; John W. White; Robert W. Stearns; Michael Winkler; Thomas J. Perkins; J. David Cabello; Michael Heil; Gregory E. Petsch; Kenneth L. Lay; Benjamin Rosen; and Rodney Schrock.

5.      "Related Parties" means each of the Defendants and each of their past or present directors, officers, employees, partners, members, principals, agents, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, accountants or auditors, public and media relations firms, advertising firms, banks, investment banks, underwriters, associates, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint venturers, assigns (whether express or by implication or operation of law), spouses, heirs, related or affiliated entities, any entity in which a Defendant has a controlling interest, any members of their immediate families, or any trust of which any Defendant is the settlor or which is for the benefit of any Defendant and/or member(s) of his family.

6.      "Released Claims" means, collectively, all claims (including Unknown Claims), demands, rights, liabilities and causes of action of every nature and description whatsoever, known or unknown, whether or not concealed or hidden, asserted or that might have been asserted, including, without limitation, claims for negligence, gross negligence, breach of duty of care and/or breach of duty of loyalty, fraud, breach of fiduciary duty or violations of any state or federal statutes, rules or regulations, by any Lead Plaintiff or Class Member against the Released Persons arising out of, based upon or related to both the purchase of Compaq securities by any Class Member during the Class Period and the facts, transactions, events, occurrences, acts, disclosures, statements, omissions or failures to act which were or could have been alleged in the Litigation, based upon the facts which were alleged. These Released Claims include, but are not limited to:  (1) all federal statutory and common-law claims, including but not limited to claims under the Securities Act of 1933 and the Exchange Act and (2) all state statutory and common-law claims, including but not limited to state securities law claims, claims under the law of fraud and deceit, false advertising and unfair competition claims, and claims sounding in negligence. Notwithstanding anything in this Stipulation to the contrary, the Released Claims do not extend to any rights or remedies which any Plaintiff or Class Member has arising out of this Stipulation.

7.      "Released Persons" means each and all of the Defendants and their Related Parties, including their past and present directors, officers, employees, partners, members, principals and agents.

8.      "Unknown Claims" means any Released Claims which any Lead Plaintiff or Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiffs shall expressly and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights and benefits of California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor

Lead Plaintiffs shall expressly and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable and equivalent to California Civil Code § 1542. Lead Plaintiffs and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but each Lead Plaintiff shall expressly and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including but not limited to conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Lead Plaintiffs acknowledge, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

9.      Capitalized terms not defined in this Notice or the Proof of Claim and Release form ("Proof of Claim") accompanying this Notice have the meanings provided in the Stipulation of Settlement dated as of June __, 2002 (the "Stipulation").

## III.   THE LITIGATION

On April 9, 1998, the first of several class action complaints was filed in the United States District Court for the Southern District of Texas, Houston Division, pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") against Compaq and certain of its present or former officers and directors, on behalf of purchasers of Compaq securities during the Class Period.  By Order dated January 15, 1999, the District Court consolidated the various actions, appointed the 39 Lead Plaintiffs, and approved the Lead Plaintiffs' selection of Wolf Haldenstein Adler Freeman & Herz LLP and Stull Stull & Brody as Lead Counsel.  This consolidated suit is referred to herein as the "Litigation".

The Consolidated Amended Class Action Complaint (the "Amended Complaint") alleges that defendants violated sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Securities and Exchange Commission Rule 10b-5 by issuing materially false and misleading statements regarding Compaq's sales, revenues, and business model during the Class Period. The Amended Complaint also alleges that Defendants' conduct operated as a fraud on the market for Compaq securities throughout the Class Period.

On May 17, 1999, Defendants moved pursuant to Fed. R. Civ. P. 9(b) and 12(b)(6) to dismiss the Litigation in its entirety. That motion was denied on December 21, 1999, and on January 20, 2000, Defendants moved for reconsideration of the Court's decision or, alternatively, for certification under 28 U.S.C. § 1292(b). Defendants' motion for reconsideration was subsequently denied on March 10, 2000. Defendants petitioned the Court of Appeals for the Fifth Circuit for a *writ of mandamus* on the denial of their motion to dismiss, on July 27, 2000, requesting that Court to direct the District Court to dismiss the Amended Complaint. The Court of Appeals denied Defendants' mandamus petition on August 8, 2000.

In the meantime, on January 20, 2000, Plaintiffs moved for certification of the Class. Lead Plaintiffs Mark Berger, Mark A. Salitan, Michael A. Brown and John Butler, were deposed. By Order dated July 18, 2000, the District Court directed that the Litigation proceed as a class action on behalf of all purchasers of Compaq securities during the Class Period, and appointed the four Lead Plaintiffs as class representatives.

On July 28, 2000, Defendants again petitioned the Court of Appeals, seeking review of the class certification order pursuant to Fed. R. Civ. P. 23(f). The Court of Appeals granted that petition on October 6, 2000. On November 15, 2000, Defendants moved the District Court for a stay of all proceedings pending determination of their Rule 23(f) appeal. The District Court denied that motion on January 19, 2001. Defendants next moved the Court of Appeals, on January 23, 2001, for a stay pending determination of their appeal, which motion was granted on February 6, 2001. On July 25, 2001, the Court of Appeals reversed and vacated the class certification order. On August 8, 2001, Plaintiffs filed a petition for rehearing or rehearing en banc, which the Court of Appeals denied by order and opinion dated January 14, 2002.

On February 28, 2002, Lead Plaintiffs renewed their motion for class certification. Hearing on that motion was set for April 19, 2002, and subsequently adjourned in view of the ensuing settlement discussions.

In January 2002, the parties began discussing settlement in earnest. In March 2002, the parties retained Gary V. McGowan, Esq. of Houston as mediator, and a mediation session was held on April 9-10, 2002 in New York City. All four of the Lead Plaintiffs participated in the mediation. With Mr. McGowan's assistance, the parties reached agreement on the principal terms of the Settlement set forth in the Stipulation.

Plaintiffs' Lead Counsel have conducted an extensive investigation of the law and facts relating to the claims and defenses at issue in the Litigation. They have undertaken substantial legal research and reviewed hundreds of thousands of pages of documents produced by the Defendants and nonparties pursuant to discovery requests. Plaintiffs' Lead Counsel have also deposed a manager at PricewaterhouseCoopers, Compaq's independent auditor during the relevant time period, and a member of Compaq's audit committee.

## IV.   CLAIMS OF THE LEAD PLAINTIFFS AND BENEFITS OF SETTLEMENT

The Amended Complaint alleged that the Defendants made material misrepresentations and omissions throughout the Class Period regarding Compaq's new sales model, the "Optimized Distribution Model", its systematic practice of channel stuffing, and its factoring of receivables which constituted violations of certain federal securities laws with respect to public disclosure and non-disclosures concerning Compaq's financial condition and prospects, with the alleged effect of artificially inflating and distorting the price of Compaq securities. The Amended Complaint also alleged that the individual Defendants were officers and/or directors of Compaq and were signers of certain SEC filings at issue, and that Plaintiffs and the other Class Members suffered losses as a direct result of the matters challenged in the Litigation.

Lead Plaintiffs and Plaintiffs' Lead Counsel believe that the claims asserted in the Amended Complaint have merit and that the evidence developed to date supports the claims. In evaluating the proposed settlement provided in the Stipulation, however, Lead Plaintiffs and Plaintiffs' Lead Counsel have considered the expense and length of continued proceedings necessary to prosecute the Litigation through trial and through appeals. Lead Plaintiffs and Plaintiffs' Lead Counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as this Litigation, as well as the difficulties and delays inherent in such litigation. Lead Plaintiffs and Plaintiffs' Lead Counsel also are mindful of the inherent problems of proof under and possible defenses to the federal securities law violations asserted in the Litigation. Lead Plaintiffs and Plaintiffs' Lead Counsel believe that the settlement set forth in the Stipulation confers substantial benefits upon the Class. Based on these considerations, Lead Plaintiffs and Plaintiffs' Lead Counsel have concluded that the settlement set forth in the Stipulation is fair, reasonable, and adequate, and in the best interests of the Lead Plaintiffs and the Class.

## V.   DEFENDANTS' STATEMENT AND DENIALS OF WRONGDOING AND LIABILITY

Defendants have denied and continue to deny each and all of the claims and contentions alleged by the Lead Plaintiffs in the Litigation. Defendants expressly have denied and continue to deny all allegations of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Litigation, and contend that they acted properly and lawfully at all times. Defendants also have denied and continue to deny, *inter alia*, the allegations that the Lead Plaintiffs or the Class have suffered damage, that the price of Compaq common stock was artificially inflated by reasons of alleged misrepresentations, non-disclosures or otherwise, or that the Lead Plaintiffs or the Class were harmed by the conduct alleged in the Litigation.

Nonetheless, Defendants have concluded that further conduct of the Litigation would be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation of Settlement. Defendants also have taken into account the uncertainty and risks inherent in any litigation, especially in complex cases like the Litigation. Defendants have, therefore, determined that it is desirable and beneficial to them that the Litigation be settled in the manner and upon the terms and conditions set forth in the Stipulation.

## VI.   TERMS OF THE PROPOSED SETTLEMENT

On behalf of all Defendants, Defendant Compaq has agreed to cause to be paid the aggregate amount of $28,650,000. Compaq has paid or caused to be paid to the Escrow Account, for the benefit of the Class, pursuant to the terms of the Stipulation, cash in the amount of $12,500,000 which has been earning and will continue to earn interest for the benefit of the Class. An additional $16,150,000 will be paid to the Receiving Agent within twenty (20) days following entry of a Final Judgment and Order of Dismissal with Prejudice by the Court.

A portion of the settlement proceeds will be used for certain administrative expenses, including costs of printing and mailing this Notice, the cost of publishing a newspaper notice, payment of any taxes assessed against the Settlement Fund and costs associated with the processing of claims submitted. In addition, as explained below, a portion of the Settlement Fund may be awarded by the Court to Lead Plaintiffs and Plaintiffs' Counsel as attorneys' fees and for reimbursement of out-of-pocket expenses. The balance of the Settlement Fund (the "Net Settlement Fund") will be distributed according to the Plan of Allocation described below to Class Members who submit valid and timely Proof of Claim forms.

3

## VII.  PLAN OF ALLOCATION

The Plan of Allocation is as follows:

1.     Upon the Effective Date and thereafter, the Net Settlement Fund shall be used to satisfy recognized claims of Authorized Claimants as follows

a.     Subject to the remainder of this Part VII, each Authorized Claimant will receive a pro rata share of the Net Settlement Fund determined by the ratio that such Authorized Claimant's recognized loss bears to the recognized loss of all Authorized Claimants.

b.     For purposes of determining the recognized loss of each Authorized Claimant, the following terms shall have the following meanings:

i.     "Eligible Share" means any Compaq common share purchased during the Class Period and held at the close of trading on March 6, 1998.

ii.     "FIFO" refers to the first-in, first-out basis for matching holdings, purchases, and sales of Compaq securities by a Claimant in order to determine the holding period of a security.

iii.     "Purchase Price" and "Sale Price" mean, for each Compaq security, the price paid or received by the Claimant for such security, as the case may be, excluding commissions, transaction charges and other expenses.

c.     The recognized loss of each Authorized Claimant shall be the result obtained through the following method:

i.     If a Claimant did not sell an Eligible Share prior to the close of trading on June 4, 1998, his loss with regard to a share purchased on or after November 15, 1997, will equal his Purchase Price minus the average closing price of the stock during the 90 day period following March 6, 1998, if that difference is a positive number, but in no event more than $1.09 (50% of the $2.18 drop in share price on March 9, 1998, attributable to the disclosures of March 6, 1998, that formed the basis of the Litigation); his loss with regard to a share purchased before November 15, 1997, will equal his Purchase Price minus the average closing price of the stock during the 90 day period following March 6, 1998, if that difference is a positive number, but in no event more than $.218 (10% of the $2.18 drop in share price on March 9, 1998, attributable to the disclosures of March 6, 1998, that formed the basis of the Litigation).

ii.     If a Claimant sold an Eligible Share prior to the close of trading on June 4, 1998, his loss with regard to that share will equal the lesser of (x) the Purchase Price minus the Sale Price, if a positive number, (y) the difference between the Purchase Price and the average closing price of the stock during the period beginning on March 9, 1998 and ending on the day of sale of such share, if that difference is a positive number, or (z) $2.18.

iii.     If a Claimant purchased an option contract during the Class Period and held it as of the close of trading on March 6, 1998, his loss with regard to that contract will be based on the exercise date of the contract, whether the exercise price of the contract was greater or less than the market price of Compaq common stock as of the close of trading on March 6, 1998, and whether the trading price of the contract was affected by Compaq's announcement on March 6, 1998.

iv.     The aggregate of the losses computed for each Eligible Share and each option contract in the manner described in subparagraphs (i) through (iii) of this paragraph (c) shall be reduced by the Claimant's gains on any Compaq common stock or option contracts purchased during the Class Period and sold prior to the close of trading on June 4, 1998, determined by Purchase Price minus Sale Price if the difference is negative, to the extent those gains exceed the Claimant's losses on any shares or option contracts purchased during the Class Period and sold at a loss prior to March 9, 1998, determined similarly.  Such reduced amount, if a positive number, is the Claimant's recognized loss.

d.     Distributions from the Net Settlement Fund to each Authorized Claimant shall be determined in accordance with the following procedure:

i.     The dollar value of the Net Settlement Fund shall be allocated among Authorized Claimants based upon the ratio that each Authorized Claimant's recognized loss bears to the recognized loss of all Authorized Claimants.

ii.     If an Authorized Claimant is allocated less than $10.00 in value from the Settlement Fund, then such Authorized Claimant shall not receive a distribution from the Settlement Fund, and such amounts shall be re-allocated among the remaining Authorized Claimants.

2.     In the event that, no longer than two (2) years after the initial distribution of the Net Settlement Fund to Authorized Claimants, and after appropriate efforts in accordance with customary class action settlement practices have been made to have Authorized Claimants cash their checks, any portion of the Net Settlement Fund remains undistributed, by reason of returned or uncashed distributions, or otherwise, then the remaining Net Settlement Fund, after payment of any unpaid costs or fees incurred in administering the Settlement as may be awarded by the Court, shall be, in the discretion of Plaintiffs' Lead Counsel, taking into consideration the amounts remaining and the difficulty and expense involved in further distribution, either (1) distributed to Authorized Claimants who have cashed their checks pro rata to their recognized losses, in accordance with and subject to subparagraph 1(d) of this Part VII or (2) contributed to the Houston Legal Assistance Association.

## VIII.  ORDER PRELIMINARILY APPROVING A CONTINGENT SETTLEMENT CLASS

On _____, 2002, the Court certified the Class, for settlement purposes only.

## IX.  PARTICIPATION IN THE CLASS

If you fall within the definition of the Class, you will remain a Class Member unless you elect to be excluded from the Class.  If you do not request to be excluded from the Class, you will be bound by any judgment entered with respect to the settlement in the Litigation whether or not you file a Proof of Claim.

If you wish to remain a Class Member, you need do nothing (other than timely file a Proof of Claim and Release if you wish to participate in the distribution of the Net Settlement Fund).  Your interests will be represented by Plaintiffs' Lead Counsel.  If you choose, you may enter an appearance individually or through your own counsel at your own expense as described in Part XIV.

TO PARTICIPATE IN THE DISTRIBUTION OF THE NET SETTLEMENT FUND, YOU MUST TIMELY COMPLETE AND RETURN THE PROOF OF CLAIM FORM THAT ACCOMPANIES THIS NOTICE.  The Proof of Claim must be postmarked on or before ____, 2002, [the expiration of ninety days after the mailing of the notice] in accordance with the instructions in the Proof of Claim.

Unless the Court orders otherwise, if you do not timely submit a valid Proof of Claim, you will be barred from receiving any payments from the Net Settlement Fund, but will in all other respects be bound by the provisions of the Stipulation and the Judgment.

## X.  EXCLUSION FROM THE CLASS

You may request to be excluded from the Class.  If you properly request exclusion from the Class, you will not receive any payment pursuant to the settlement, and you will not be bound by the Stipulation or any judgment entered by the Court in the Litigation.  To be excluded, you must mail a written request stating that you wish to be excluded from the Class to:

> Compaq Computer Corp. Securities Litigation
> c/o Wolf Haldenstein Adler Freeman & Herz LLP
> 270 Madison Avenue
> New York, NY 10016
> Attn: Jeffrey G. Smith

The request for exclusion must include: (1) your name, address, and telephone number; (2) all purchases and sales of Compaq securities made during the Class Period, including the dates of each purchase or sale, the price(s) paid and/or received, and the number and type of Compaq securities purchased or sold; (3) a clear statement requesting exclusion from the Class; and (4) your signature.  YOUR EXCLUSION REQUEST MUST BE MAILED OR POSTMARKED SUCH THAT IT IS RECEIVED ON OR BEFORE _____, 2002 **[twenty business days before the Settlement Hearing]**.  If you submit a valid and timely request for exclusion, you shall have no rights under the settlement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Judgment.

## XI.  DISMISSAL AND RELEASES

If the proposed settlement is approved, the Court will enter a Final Judgment and Order of Dismissal with Prejudice (the "Judgment").  The Judgment will dismiss the Released Claims with prejudice as to all Released Persons.

The Judgment will provide that all Class Members who do not validly and timely request to be excluded from the Class shall be deemed to have released and forever discharged all Released Claims (to the extent Members of the Class have such claims) against all Released Persons.

## XII.  APPLICATION FOR FEES, EXPENSES AND AWARDS

At the Settlement Hearing, Plaintiffs' Lead Counsel will request the Court to award attorneys' fees of no more than 30% of the Settlement Fund, plus reimbursement of the expenses, not to exceed $1,000,000, which were advanced in connection with the Litigation, plus interest thereon.  Class Members are not personally liable for any such fees, expenses or compensation.

The Fee and Expense Application may include an application for an award of not more than $25,000 for each Lead Plaintiff to compensate them for their reasonable costs and expenses (including lost wages) involved in prosecuting the Litigation for themselves and the Class.

To date, Plaintiffs' Counsel have not received any payment for their services in conducting this Litigation on behalf of Lead Plaintiffs and the Members of the Class, nor have counsel been reimbursed for their out-of-pocket expenses.  The fee requested by Plaintiffs' Counsel would compensate counsel for their efforts in achieving the Settlement Fund for the benefit of the Class, and for their risk in undertaking this representation on a contingency basis.  The fee requested is within the range of fees awarded to Plaintiffs' Counsel under similar circumstances in litigations of this type.

## XIII.  CONDITIONS FOR SETTLEMENT

The settlement is conditioned upon the occurrence of certain events described in the Stipulation.  Those events include, among other things: (1) entry of the Judgment by the Court, as provided for in the Stipulation; (2) expiration of the time to appeal from or alter or amend the Judgment; (3) that Class Members electing to be excluded from the Class do not exceed a threshold agreed to between Plaintiffs' Lead Counsel and counsel for Defendants; and (4) that Defendants caused to be timely transferred the Settlement Fund for the benefit of the Class.  If, for any reason, any one of the conditions described in the Stipulation is not met, the Stipulation might be terminated and, if terminated, will become null and void, and the parties to the Stipulation will be restored to their respective positions as of the date the Stipulation was signed.

## XIV.  THE RIGHT TO BE HEARD AT THE HEARING

Any Class Member who has not validly and timely requested to be excluded from the Class, and who objects to any aspect of the settlement, the Plan of Allocation, the adequacy of representation by Plaintiffs' Counsel, the application for an award to Lead Plaintiffs or the application for attorneys' fees, costs and expenses, may appear and be heard at the Settlement Hearing.  Any such Person must submit and serve a written notice of objection, to be received on or before _____, 2002 **[twenty business days before the Settlement Hearing]**, by each of the following:

> CLERK OF THE COURT
> UNITED STATES DISTRICT COURT
> SOUTHERN DISTRICT OF TEXAS
> HOUSTON DIVISION
> 5401 Bob Casey United States Courthouse
> 515 Rusk Ave
> Houston, TX 77002

HOEFFNER & BILEK L.L.P.
Thomas E. Bilek
440 Louisiana Street, Suite 720
Houston, TX 77002-1634
Telephone:  (713) 227-7720
Facsimile:  (713) 227-9404

**Plaintiffs' Liaison Counsel**

VINSON & ELKINS
John L. Carter
2300 First City Tower
Houston, TX 77002-6760

**Counsel for Defendant Compaq Computer Corp. and the Individual Defendants**

The notice of objection must demonstrate the objecting Person's membership in the Class, including the number and type of Compaq securities purchased and sold during the Class Period, and contain a statement of the reasons for objection.  Only members of the Class who have submitted written notices of objection in this manner will be entitled to be heard at the Settlement Hearing, unless the Court orders otherwise.

## XV.   SPECIAL NOTICE TO NOMINEES

If you hold or held any Compaq securities purchased during the Class Period as nominee for a beneficial owner, then, within ten (10) days after you receive this Notice, you must either: (1) send a copy of this Notice and the Proof of Claim by first class mail to all such Persons; or (2) provide a list of the names and addresses of such Persons to the Claims Administrator:

> Compaq Computer Corp. Securities Litigation
> c/o Claims Administrator
> The Garden City Group, Inc.
> P.O. Box 9000-6009
> Merrick, NY 11566-9000

If you choose to mail the Notice and Proof of Claim yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing. Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for or advancement of reasonable administrative costs actually incurred or expected to be incurred in connection with forwarding the Notice and Proof of Claim and which would not have been incurred but for the obligation to forward the Notice and Proof of Claim, upon submission of appropriate documentation to the Claims Administrator.

## XVI.   EXAMINATION OF PAPERS

This Notice is a summary and does not describe all of the details of the Stipulation. For full details of the matters discussed in this Notice, you may review the Stipulation filed with the Court, which may be inspected during business hours, at the office of the Clerk of the Court, Southern District of Texas, Houston Division, 5401 Bob Casey United States Courthouse, 515 Rusk Ave, Houston, TX 77002.

If you have any questions about the settlement of the Litigation, you may contact Plaintiffs' Lead Counsel by writing:

| | |
|---|---|
| WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP | STULL STULL & BRODY |
| Jeffrey G. Smith | Jules Brody |
| 270 Madison Avenue | 6 East 45th Street |
| New York, NY 10016 | New York, NY 10017 |
| Telephone: (212) 545-4600 | Telephone: (212) 687-7230 |
| Facsimile: (212) 545-4653 | Facsimile: (212) 490-2022 |

**Plaintiffs' Co-Lead Counsel**

**DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE.**

DATED: _____, 2002

BY ORDER OF THE UNITED STATES
DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**HOEFFNER & BILEK, L.L.P.**
Thomas E. Bilek - TBA 02313525
440 Louisiana, Suite 720
Houston, TX 77002
Telephone: (713) 227-7720
Facsimile: (713) 227-9404

**Plaintiffs' Liaison Counsel**

| | |
|---|---|
| WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP | STULL STULL & BRODY |
| Jeffrey G. Smith | Jules Brody |
| 270 Madison Avenue | 6 East 45th Street |
| New York, NY 10016 | New York, NY 10017 |
| Telephone: (212) 545-4600 | Telephone: (212) 687-7230 |
| Facsimile: (212) 545-4653 | Facsimile: (212) 490-2022 |

**Plaintiffs' Co-Lead Counsel**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BERGER, et al.,<br><br>                                    Plaintiffs,<br><br>v.<br><br>COMPAQ COMPUTER CORP., et al.,<br><br>                                    Defendants. | Consolidated Civil Action No. 98-1148<br><br><br>SUMMARY NOTICE FOR<br>PUBLICATION |

TO:        ALL PERSONS OR ENTITIES WHO PURCHASED SECURITIES OF
COMPAQ COMPUTER CORP. ("COMPAQ") DURING THE PERIOD
JULY 10, 1997 THROUGH MARCH 6, 1998, INCLUSIVE

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States

District Court for the Southern District of Texas, Houston Division, that a hearing will be held on

_____, 2002 at __:__ _.m., before the Honorable Vanessa Gilmore, United States

District Judge, at the United States District Court, Southern District of Texas, Houston Division,

5401 Bob Casey United States Courthouse, 515 Rusk Ave, Houston, Texas, for the purpose of

determining:  (1) whether the Class as proposed in the detailed Notice of Pendency of Proposed

Settlement of Class Action should be permanently certified for settlement purposes only in the

Litigation; (2) whether the proposed settlement of the claims in the Litigation for the sum of

$28,650,000 plus interest should be approved by the Court as fair, reasonable and adequate; (3)

whether the Plan of Allocation is fair, reasonable and adequate; (4) whether the application for

an award of attorneys' fees and reimbursement of costs and expenses and an award to lead

plaintiffs should be approved; and (5) whether the Litigation should be dismissed with prejudice.

The Court may adjourn or continue the Settlement Hearing without further notice to the Class.

If you purchased Compaq securities during the period beginning July 10, 1997 and ending March 6, 1998, inclusive, your rights may be affected by the settlement of this Litigation. If you have not received a detailed Notice of Pendency of Proposed Settlement of Class Action (the "Notice") and a copy of the Proof of Claim and Release, you may obtain copies by writing to:

> Compaq Computer Corp. Securities Litigation
> c/o Claims Administrator
> The Garden City Group, Inc.
> P.O. Box 9000-6009
> Merrick, New York 11566-9000

If you are a Class Member, in order to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim and Release no later than _____, 2002, establishing that you are entitled to recovery. If you do not file a proper Proof of Claim and Release, and have not excluded yourself from the Class, you will not share in the settlement fund but you will be bound by any judgment rendered in the Litigation whether or not you make a claim.

If you desire to be excluded from the Class, or to object to the settlement, you must file your Request for Exclusion or your objection by _____, 2002, in the manner and form explained in the detailed Notice referred to above. All Members of the Class who have not requested exclusion from the Class will be bound by any judgment entered in the Litigation pursuant to the Stipulation of Settlement. You may obtain detailed instructions on how to exclude yourself or object by contacting the Claims Administrator at the address given above.

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.**

DATED: _____, 2002          BY ORDER OF THE COURT
                                    UNITED STATES DISTRICT COURT
                                    SOUTHERN DISTRICT OF TEXAS
                                    HOUSTON DIVISION

/268372.3{6/10/02}

**Compaq Computer Corp. Securities Litigation**
**c/o Claims Administrator**
**The Garden City Group, Inc.**
**P.O. Box 9000-6009**
**Merrick, New York 11566-9000**
**1-888-688-7433**

**Must be Postmarked**
**No Later Than**
**_____, 2002**

CPQ

● ● ● ● ● ● ● ● ● ● ● ●

## PROOF OF CLAIM AND RELEASE

Claim Number:                    Control Number:

**CORRECTIONS OR ADDITIONAL INFORMATION**
Write any name and address corrections below if any are necessary **OR** if there is no preprinted data to the left, please provide your name and address here:

_____

_____

_____

_____

**Please fill in SSN/TIN if box is blank:**

[ ]

**Identity of Claimant:** (Complete only the applicable portions)

☐ Individual          ☐ IRA
☐ Estate             ☐ Corporation
☐ Trust
☐ Other_____

**Daytime Telephone Number:** (     )     -

If you purchased or otherwise acquired Compaq securities during the period of July 10, 1997 through March 6, 1998, inclusive, have not requested exclusion from the Settlement Class and are not a Defendant in this Litigation, or a member of the immediate family of any of the individual Defendants, an entity in which any of the Defendants has or had a controlling interest, or a legal representative, heir, successor in interest, affiliate or assign of any such excluded party, or otherwise excluded, you should read the accompanying Notice of Pendency and Proposed Settlement of Class Action (the "Notice") and complete this Proof of Claim and Release form.

IN ORDER TO BE ELIGIBLE TO PARTICIPATE IN THE SETTLEMENT DESCRIBED IN THE ACCOMPANYING NOTICE, YOU MUST MAIL YOUR COMPLETED PROOF OF CLAIM AND RELEASE TO THE CLAIMS ADMINISTRATOR SUCH THAT IT IS POSTMARKED ON OR BEFORE _____, 2002 **[THE EXPIRATION OF NINETY DAYS AFTER THE MAILING OF THE NOTICE OR SUCH OTHER TIME AS MAY BE SET BY THE COURT]**.

### I.  GENERAL INSTRUCTIONS

1.   To recover as a Member of the Class based on your claims in the lawsuit entitled *Berger et al. v. Compaq Computer Corp. et al.,* C.A. No. 98-1148 (the "Litigation"), you must complete this Proof of Claim and Release and sign it on page ___.  If you fail to properly file this Proof of Claim and Release, your claim may be rejected and you may be precluded from any recovery from the Settlement Fund created in connection with the proposed settlement of the Litigation.  Submission of this Proof of Claim and Release, however, does not assure that you will share in the proceeds of settlement in the Litigation.

2.   YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE TO THE CLAIMS ADMINISTRATOR SUCH THAT IT IS POSTMARKED ON OR BEFORE _____, 2002, **[THE EXPIRATION OF ONE HUNDRED TWENTY DAYS AFTER THE MAILING OF THE NOTICE OR SUCH OTHER TIME AS MAY BE SET BY THE COURT]**

PROOF OF CLAIM AND RELEASE FORMS POSTMARKED AFTER _____, 2002 **[THE EXPIRATION OF NINETY DAYS AFTER THE MAILING OF THE NOTICE OR SUCH OTHER TIME AS MAY BE SET BY THE COURT]** WILL BE DEEMED TO BE FILED LATE AND MAY BE REJECTED.

3.   If you are NOT a Member of the Class (as defined in the Notice), DO NOT submit a Proof of Claim and Release form.

4.   If you are a Member of the Class and you did not timely request exclusion, you are bound by the terms of any judgment entered in the Litigation, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE FORM.

## II. DEFINITIONS

1.      "Defendants" means Compaq, Eckhard Pfeiffer; Earl L. Mason; John T. Rose; John W. White; Robert W. Stearns; Michael Winkler; Thomas J. Perkins; J. David Cabello; Michael Heil; Gregory E. Petsch; Kenneth L. Lay; Benjamin Rosen; and Rodney Schrock.

2.      "Released Persons" means each and all of the Defendants and their Related Parties, including their past and present directors, officers, employees, partners, members, principals and agents.

3.      "Related Parties" means each of the Defendants and each of their past or present directors, officers, employees, partners, members, principals, agents, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, accountants or auditors, public and media relation firms, advertising firms, banks, investment banks, underwriters, associates, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint venturers, assigns, (whether express or by implication or operation of law) spouses, heirs, related or affiliated entities, any entity in which a Defendant has a controlling interest, any members of their immediate families, or any trust of which any Defendant is the settlor or which is for the benefit of any Defendant and/or member(s) of his family.

## III. CLAIMANT IDENTIFICATION

1.      If you purchased Compaq securities and held the certificate(s) in your name, you are the beneficial purchaser as well as the record purchaser. If, however, you purchased Compaq securities and the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

2.      Use the area entitled "Corrections or Additional Information" (on the first page) to identify each purchaser of record ("nominee"), if different from the beneficial purchaser of Compaq securities which forms the basis of this claim. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER OR PURCHASERS, OR THE LEGAL REPRESENTATIVE OF SUCH PURCHAS-ER OR PURCHASERS, OF THE COMPAQ SECURITIES UPON WHICH THIS CLAIM IS BASED.

3.      All joint purchasers must sign this claim. Executors, administrators, guardians, conservators and trustees must complete and sign this claim on behalf of Persons represented by them and proof of their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejec-tion of your claim.

## IV. TRANSACTION INFORMATION

1.      In completing the schedules on the following pages, the date of covering a "short sale" is deemed to be the date of purchase of Compaq stock and the date of a "short sale" is deemed to be the date of sale of Compaq stock.

2.      Broker confirmations or other documentation of your transactions in Compaq securities should be attached to your claim. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

## V. SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I submit this Proof of Claim and Release under the terms of the Stipulation of Settlement described in the Notice. I also submit to the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division, with respect to my claim as a Class Member and for purposes of enforcing the release set forth herein. I further acknowledge that I am bound by and subject to the terms of any judgment that may be entered in the Litigation. I agree to furnish additional information to Plaintiffs' Lead Counsel to support this claim if required to do so. I have not submitted any other claim covering the same purchases, acquisitions or sales of Compaq common stock during the Class Period and know of no other Person having done so on my behalf. I have not assigned or transfered, or purported to assign or transfer, voluntarily or involuntarily any part of my claim. I certify that I have not elected to exclude myself from the Class, nor am I otherwise excluded from the Class.

• • • • • • • • • • • • •

---

### SCHEDULE OF TRANSACTIONS IN COMPAQ COMPUTER CORP. COMMON STOCK

Separately list each of your purchases and sales of Compaq Computer Corp. common stock below. Attach a separate schedule if more space is needed. **Be sure to include your name and Social Security number or Tax ID number on any additional sheets.** The date of purchase or sale is the "trade" or "contract" date, and not the "settlement" or "payment" date.

---

**SECTION B:**    **BEGINNING HOLDINGS:**    Number of shares of Compaq Computer Corp. common stock held at the beginning of trading on **July 10, 1997:**

**SECTION P:**    **PURCHASES:**    Purchases or Acquisitions during the period **July 10, 1997 through March 6, 1998,** inclusive of Compaq Computer Corp. common stock:

| Trade Date Month/Day/Year (List Chronologically) | Number of Shares Purchased or Acquired | Price Per Share | Total Purchase Price (excluding commission, transaction charges and other expenses) |
|---|---|---|---|
| / / | | | $ |
| / / | | | $ |
| / / | | | $ |

**SECTION PZ:**    **PURCHASES:**    Total shares purchased between **March 7, 1998 through June 4, 1998,** inclusive:

**SECTION S:**    **SALES:**    Sales during the period **July 10, 1997 through June 4, 1998,** inclusive of Compaq Computer Corp. common stock:

| Trade Date Month/Day/Year (List Chronologically) | Number of Shares Sold | Price Per Share | Total Sale Price (excluding commission, transaction charges and other expenses) |
|---|---|---|---|
| / / | | | $ |
| / / | | | $ |
| / / | | | $ |

**SECTION U:**    **UNSOLD HOLDINGS:**    Number of shares of Compaq Computer Corp. common stock held at the close of trading on **June 4, 1998:**

**YOU MUST READ THE RELEASE IN SECTION VI. AND SIGN THIS PROOF OF CLAIM AND RELEASE ON PAGE _____.**

• • • • • • • • • • • • • • •

---

### SCHEDULE OF TRANSACTIONS IN CALL OPTIONS ON COMPAQ COMPUTER CORP. COMMON STOCK

Separately list each of your purchases and sales of Compaq Computer Corp. call options below. Attach a separate schedule if more space is needed. **Be sure to include your name and Social Security number or Tax ID number on any additional sheets.** The date of purchase or sale is the "trade" or "contract" date, and not the "settlement" or "payment" date

---

## CALL OPTIONS

**SECTION B:**   **BEGINNING POSITION:** Number of contracts of call options for Compaq Computer Corp. common stock owned as of the beginning of trading on **July 10, 1997:**

| Number of Call Option Contracts | Month & Strike Price of Options (ie., Aug 20) | Total Amount Paid for Call Options (**only** if exercised) |
|---|---|---|
| | | |
| | | |

**SECTION P:**   **PURCHASES:** of call option on Compaq Computer Corp. common stock between **July 10, 1997 through March 6, 1998,** inclusive:

| Trade Date(s) of Purchase (List Chronologically) | Number of Call Option Contracts | Month & Strike Price (ie., Aug 20) | Total Amount Paid for Call Option (excluding commissions, taxes and fees, omit cents) | Enter "E" if Exercised or "X" if Expired | Exercised or Expiration Date Month/Day/Year |
|---|---|---|---|---|---|
| / / | | | $ | | / / |
| / / | | | $ | | / / |
| / / | | | $ | | / / |

**SECTION S:**   **SALES:**   of call option on Compaq Computer Corp. common stock between **July 10, 1997 through June 4, 1998,** inclusive:

| Trade Date(s) of Sales (List Chronologically) | Number of Call Option Contracts | Month & Strike Price (ie., Aug 20) | Total Amount Received for Call Option (excluding commissions, taxes and fees, omit cents) | Enter "A" if Assigned or "X" if Expired | Assigned Date Month/Day/Year |
|---|---|---|---|---|---|
| / / | | | $ | | / / |
| / / | | | $ | | / / |
| / / | | | $ | | / / |

**SECTION U:**   **UNSOLD HOLDINGS:** Number of unexpired call option contracts on Compaq Computer Corp. common stock held at the close of trading on **June 4, 1998:**

| Number of Call Option Contracts | Month & Strike Price of Options (ie., Aug 20) |
|---|---|
| | |
| | |

• • • • • • • • • • • • •

**SCHEDULE OF TRANSACTIONS IN PUT OPTIONS ON COMPAQ COMPUTER CORP. COMMON STOCK**

Separately list each of your purchases and sales of Compaq Computer Corp. put options below. Attach a separate schedule if more space is needed. **Be sure to include your name and Social Security number or Tax ID number on any additional sheets.** The date of purchase or sale is the "trade" or "contract" date, and not the "settlement" or "payment" date.

## PUT OPTIONS

**SECTION B:** **BEGINNING HOLDINGS:** Number of contracts of put options Compaq Computer Corp. common stock owned as of the beginning of trading on **July 10, 1997**, in a short or long position:

| Number of Put Option Contracts | Month & Strike Price of Options (ie., Aug 20) | Total Amount Received for Put Options (**only** if exercised) |
|---|---|---|
|  |  |  |
|  |  |  |

**SECTION S:** **SALES:** of put options on Compaq Computer Corp. common stock between **July 10, 1997 through June 4, 1998**, inclusive:

| Trade Date(s) of Sale (List Chronologically) | Number of Put Option Contracts | Month & Strike Price (ie., Aug 20) | Total Amount Received for Put Option (excluding commissions, taxes and fees, omit cents) | Enter "A" if Assigned or "X" if Expired | Assigned Date Month/Day/Year |
|---|---|---|---|---|---|
| / / |  |  | $ |  | / / |
| / / |  |  | $ |  | / / |
| / / |  |  | $ |  | / / |

**SECTION P:** **PURCHASES:** of put options on Compaq Computer Corp. common stock between **July 10, 1997 through March 6, 1998**, inclusive:

| Trade Date(s) of Purchases (List Chronologically) | Number of Put Option Contracts | Month & Strike Price (ie., Aug 20) | Total Amount Paid for Put Option (excluding commissions, taxes and fees, omit cents) | Enter "E" if Exercised or "X" if Expired | Exercised Date Month/Day/Year |
|---|---|---|---|---|---|
| / / |  |  | $ |  | / / |
| / / |  |  | $ |  | / / |
| / / |  |  | $ |  | / / |

**SECTION U:** **UNSOLD:** Number of contracts of put options for Compaq Computer Corp. common stock held as of **June 4, 1998** in a short or long position:

| Number of Put Option Contracts | Month & Strike Price of Options (ie , Aug 20) |
|---|---|
|  |  |
|  |  |

5

Case 4:98-cv-01148   Document 116   Filed in TXSD on 06/27/02   Page 25 of 26

## VI. RELEASE

1.      I hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, release and discharge from the Released Claims, each and all of the "Released Persons", including the Related Parties of each Released Person.

2.      "Released Claims" means, collectively, all claims (including Unknown Claims), demands, rights, liabilities and causes of action of every nature and description whatsoever, known or unknown, whether or not concealed or hidden, asserted or that might have been asserted, including, without limitation, claims for negligence, gross negligence, breach of duty of care and/or breach of duty of loyalty, fraud, breach of fiduciary duty or violations of any state or federal statutes, rules or regulations, by any Lead Plaintiff or Settlement Class Member against the Released Persons arising out of, based upon or related to both the purchase of Compaq common stock by any Settlement Class Member during the Class Period and the facts, transactions, events, occurrences, acts, disclosures, statements, omissions or failures to act which were or could have been alleged in the Litigation, based upon the facts which were alleged.  These Released Claims include, but are not limited to:  (a) all federal statutory and common-law claims, including but not limited to claims under the Securities Act of 1933 and the Exchange Act and (b) all state statutory and common-law claims, including but not limited to state securities law claims, claims under the law of fraud and deceit, false advertising and unfair competition claims, and claims sounding in negligence.  Notwithstanding anything in this Stipulation to the contrary, the Released Claims do not extend to any rights or remedies which any Plaintiff or Class Member has arising out of this Stipulation.

3.      "Unknown Claims" means any Released Claims which any Lead Plaintiff or Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this settlement.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiffs shall expressly and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights and benefits of California Civil Code § 1542, which provides:

A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

Lead Plaintiffs shall expressly and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable and equivalent to California Civil Code § 1542. Lead Plaintiffs and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but each Lead Plaintiff shall expressly and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including but not limited to conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiffs acknowledge, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

4.      This release shall be of no force or effect unless and until the Court approves the Stipulation of Settlement and the Stipulation of Settlement becomes effective on the Effective Date (as defined in the Stipulation of Settlement).

## VII.  CERTIFICATION AND SUBSTITUTE W-9

UNDER THE PENALTY OF PERJURY, I (WE) CERTIFY THAT:

1.      The number shown on this form is my (our) correct TIN;

2.      I (we) am (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because: (a) I am (we are) exempt from backup withholding; or (b) I (we) have not been notified by the Internal Revenue Service that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the Internal Revenue Service has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE:   If you have been notified by the Internal Revenue Service that you are subject to backup withholding, you must cross out Item 2 above.

        If you are not a U.S. Resident or U.S. Resident Alien, check here: ☐

The Internal Revenue Service does not require your consent to any provision of this document other than the certification required to avoid backup withholding.

I (We) declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned on this Proof of Claim and Release form, including, but not limited to, the schedule of my (our) transactions in Compaq securities, is true, correct and complete.  I (We) agree to be bound by the release as provided in Part VI. of this Proof of Claim and Release form.


_____  / /          _____  / /
(Signature)                        Date           (Signature of Joint Claimant)            Date
                                                   (if applicable)


_____               _____
Title (if any)                                    (Capacity of person(s) signing, e.g., Beneficial Purchaser,
                                                   Executor or Administrator)


### Reminder Checklist:

1.      Please sign the verification and certification section of the Proof of Claim and Release form.
2.      Remember to include supporting documentation.
3.      Do not send original stock certificates or confirmations.
4.      Keep a copy of your claim form and all supporting documentation for your records.
5.      If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested.
6.      If you move, please send the Claims Administrator your new address.
7.      **Do not use highlighter on Proof of Claim and Release or supporting documentation.**
8.      **Do not staple documentation to Proof of Claim and Release form.**

ANY PERSON WHO KNOWINGLY SUBMITS A FALSE PROOF OF CLAIM AND RELEASE IS SUBJECT TO PENALTIES FOR PERJURY AND OTHER VIOLATIONS OF FEDERAL LAW.