UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
ENTERED

NOV 2 5 2002

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BERGER, et al., <br><br> Plaintiffs, <br><br> v. <br><br> COMPAQ COMPUTER CORP., et al., <br><br> Defendants. | Consolidated Civil Action No. 98-1148 |

### FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

This matter came before the Court for hearing pursuant to the Order of this Court, entered July 1, 2002, on the application of the parties for approval of the settlement set forth in the Stipulation of Settlement dated as of June 21, 2002 (the "Stipulation"). Due and adequate notice complying with Federal Rule of Civil Procedure 23 and the requirements of due process having been given to the Class as required in said Order, and the Court having considered all papers filed and proceedings had herein, and otherwise being fully informed in the premises, and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Class, as defined below. Without in any way affecting the finality of this Order and Final Judgment, this Court shall retain continuing jurisdiction over the Litigation and the parties to the settlement to enter any future



**ORIGINAL**

orders as may be necessary to effectuate the consummation of the settlement and the provisions of this Order and Final Judgment, including an order to direct and authorize final payments from the Net Settlement Fund to the Class.

       3.    "Class" means all persons or entities who purchased Compaq securities during the period July 10, 1997 through March 6, 1998, inclusive, and who were damaged thereby. Excluded from the Class are Defendants, members of the immediate families of the individual Defendants, any entity in which any Defendant has or had a controlling interest, directors and officers of Compaq, and the legal representatives, heirs, successors in interest, affiliates or assigns of all such persons or entities, and those persons who requested exclusion from the Class identified in Exhibit A attached hereto. Persons listed in Exhibits B, C, D and E, attached hereto, are also excluded from the Class subject to the following condition: in the event any such person(s) attempt(s) to institute any action or proceeding against any Released Person that would be barred by the Release herein if such person(s) were a member of the Class, the Released Person may challenge the exclusion of such person(s) from the Class and such exclusion shall then be subject to, and only effective upon, such person(s) making a showing that the late receipt of, and/or failure to supply all requested information in, such person's(s') request for exclusion from the Class should be excused under the applicable legal standard. To the extent any such person(s) fail(s) to satisfy his or her burden and is, thus, not excluded from Class, such person(s) may seek to recover pursuant to the Stipulation as a member of the Class from any amounts remaining in the Settlement Fund within a reasonable time period as determined by the Receiving Agent, notwithstanding the expiration of any deadline for the filing of claims under the Stipulation. Persons excluded from Class as set forth in this paragraph are hereafter referred to as "Excluded Persons."

4.  With respect to the Class, this Court finds and concludes that for purposes of this settlement only: (a) millions of shares of Compaq common stock were purchased during the Class Period and thus the Members of the Class are so numerous that joinder of all Class Members in the class action is impracticable; (b) plaintiffs allege a fraud on the market and thus questions of law and fact common to the Class predominate over any individual questions; (c) Lead Plaintiffs purchased shares of Compaq common stock during the Class Period and thus their claims are typical of the claims of the Class, and none of them is subject to a unique defense; (d) the Lead Plaintiffs, who participated in this Litigation, prepared for and gave deposition testimony, and prepared for and participated in the mediation of this Litigation, and their counsel have fairly and adequately represented and protected the interests of the Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (1) the interests of the Members of the Class in individually controlling the prosecution of the separate actions, (2) the extent and nature of any litigation concerning the controversy already commenced by Members of the Class, (3) the desirability or undesirability of continuing the litigation of these claims in this particular forum, and (4) the difficulties likely to be encountered in the management of the class action. For purposes of this Settlement only, this Court finds and determines that the Litigation may proceed as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, on behalf of the Class (defined in ¶3) and that Lead Plaintiffs may act as class representatives.

5.  Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the settlement set forth in the Stipulation and finds that said settlement is, in all respects, fair, reasonable and adequate to the Class and each Member of the Class. Accordingly, the settlement embodied in the Stipulation shall be consummated in accordance with the terms

and provisions of the Stipulation. All objections to the settlement are overruled and are found to be without merit.

6. Except as to any individual claim of the Excluded Persons (identified in paragraph 3 *supra*), who are excluded from the Class, the Litigation and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice as to the Lead Plaintiffs and the other Members of the Class, and as against the Released Persons. The parties are to bear their own costs, except as otherwise provided in the Stipulation.

7. The Excluded Persons (identified in paragraph 3 *supra*), who purport to have purchased Compaq securities during the Class Period and who have requested exclusion from the Class, are excluded from the Class, not bound by this Order and Final Judgment, and may not under the circumstances make any claim or receive any benefit from the Settlement.

8. Upon the Effective Date, the Lead Plaintiffs and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Persons, whether or not such Class Member executes and delivers a Proof of Claim and Release.

9. Upon the Effective Date, all Class Members and their heirs, executors, administrators, beneficiaries, predecessors, successors, assigns and all persons acting in concert with them, are hereby forever barred and enjoined from prosecuting the Released Claims against the Released Persons. As used herein:

a. "Released Claims" means, collectively, all claims (including Unknown Claims), demands, rights, liabilities and causes of action of every nature and description whatsoever, known or unknown, whether or not concealed or hidden, asserted or that might have been asserted, including, without limitation, claims for negligence, gross negligence,

breach of duty of care and/or breach of duty of loyalty, fraud, breach of fiduciary duty or violations of any state or federal statutes, rules or regulations, by any Lead Plaintiff or Class Member against the Released Persons arising out of, based upon or related to both the purchase of Compaq securities by any Class Member during the Class Period and the facts, transactions, events, occurrences, acts, disclosures, statements, omissions or failures to act which were or could have been alleged in the Litigation, based upon the facts which were alleged. These Released Claims include, but are not limited to: (a) all federal statutory and common-law claims, including but not limited to claims under the Securities Act of 1933 and the Exchange Act and (b) all state statutory and common-law claims, including but not limited to state securities law claims, claims under the law of fraud and deceit, false advertising and unfair competition claims, and claims sounding in negligence. Notwithstanding anything in the Stipulation to the contrary, the Released Claims do not extend to any rights or remedies which any plaintiff or Class Member has arising out of the Stipulation.

    b. "<u>Released Persons</u>" means each and all of the Defendants and their Related Parties, including their past and present directors, officers, employees, partners, members, principals and agents.

    10. Upon the Effective Date, each Defendant and member of the Released Parties is hereby forever barred and enjoined from prosecuting against any Class Member and Plaintiffs' Counsel, and their heirs, executors, administrators, beneficiaries, predecessors, successors, and assigns, any claim arising out of or relating to the institution, prosecution, assertion, settlement or resolution of the Litigation and shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged each and all of the Class Members and Plaintiffs' Counsel from all claims arising out

5

of or relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Litigation or the Released Claims.

11. The Notice of Pendency and Proposed Settlement of Class Action given to the Class was the best notice practicable under the circumstances of these proceedings and of the matters set forth therein, including the proposed settlement set forth in the Stipulation, to all persons entitled to such Notice, and said Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

12. Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement, including this Judgment is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants, or is or may deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Defendants may file the Stipulation and/or the Judgment from this action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13. The Plan of Allocation, as set forth in the Class Settlement Notice, is approved as fair. The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with such Plan of Allocation. If there is any balance remaining in the Net Settlement Fund after the initial distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise), such balance shall be reallocated among

Authorized Claimants or otherwise distributed in accordance with the Plan of Allocation. No Person shall have any claim against Plaintiffs' Counsel, any Claims Administrator or other agent designated by Plaintiffs' Lead Counsel, Lead Plaintiffs or Defendants, or their respective counsel, based on the distributions made substantially in accordance with the Stipulation and the settlement contained therein, the Plan of Allocation or further orders of the Court.

    14. Plaintiffs' Counsel is awarded attorneys' fees and reimbursement of costs and expenses pursuant to a separate order.

    15. Each Lead Plaintiff is entitled to an award in the amount set forth opposite such Lead Plaintiff's name below, to compensate him for his reasonable costs and expenses (including lost wages) involved in prosecuting the Litigation for themselves and the Class.

| **Lead Plaintiff** | **Award** |
|---|---|
| Mark Berger | $25,000.00 |
| Mark A. Salitan | $50,000.00 |
| Michael A. Brown | $25,000.00 |
| John Butler | $25,000.00 |

Such amounts are reasonable and appropriate under the circumstances of this case. Payment is to be made from the Settlement Fund, pursuant to the terms of the Stipulation.

    16. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over (a) implementation of this settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, costs, interest and reimbursement of expenses in the Litigation; and (d) all parties hereto for the purpose of construing, enforcing and administering the Stipulation.

17.   The Court finds that, during the course of this Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

18.   In the event that the settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

19.   There is no just reason for delay in the entry of judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, and the Clerk is hereby directed to enter judgment in accordance with this Order and Final Judgment.

20.   Entry of final judgment and final approval of the Settlement settles all claims and releases all Defendants and Released Persons from liability for all Released Claims as otherwise set forth herein and in the Stipulation.

21.   Without in any way affecting the finality of this Order and Final Judgment, this Court shall retain continuing jurisdiction over the Litigation and the parties to the settlement to enter any future orders as may be necessary for the purposes of effectuating or administering the settlement and enforcing the Final Judgment.

IT IS SO ORDERED

DATED: Nov. 22, 2002

THE HONORABLE VANESSA GILMORE
UNITED STATES DISTRICT JUDGE

Agreed:

HOEFFNER & BILEK L.L.P.

By: /s/ Thomas E. Bilek
Thomas E. Bilek
State Bar No. 02313525
Federal Bar No. 9338
440 Louisiana Street, Suite 720
Houston, TX 77002-1634
Telephone: (713) 227-7720
Facsimile: (713) 227-9404

**Attorneys-In-Charge for Plaintiffs and Plaintiffs' Liaison Counsel**


VINSON & ELKINS

By: /s/ John L. Carter
John L. Carter
State Bar No. 03920700 (TX)
Federal Bar No. _____
2300 First City Tower
Houston, Texas 77002-6760
Telephone: (713) 758-2222
Facsimile: (713) 758-2346

**Attorneys for Defendant Compaq Computer Corp. and the Individual Defendants**

9

The Exhibit(s) May

Be Viewed in the

Office of the Clerk