

Robert J. & JoAnn Manns
109 Hampton Circle
Bluffton, SC  29909
(843) 705-2443

August 11, 2004

District Court of the Southern District of Texas
Houston Division
Houston, TX  77002

5401 Bob Casey U.S. Court House
515 Rusk Ave,

Re: Compaq Computer Corporation Securities Litigation
    Robert and JoAnn Manns (Claim No.142283 )
    Consolidated Civil Action No. 98-1148

Dear Sir/Madam:

    We would like the Court to review our claim since the Class Action Attorneys informed us that we are not eligible to participate in $28,650,000.00 paid by Compaq into a settlement fund. As a stockholder, we lost twice since we didn't share in the settlement and our stock is now lower since Compaq had to pay out $28,650,000.00 to settle the claim. We purchased 500 shares on October 24, 1997, at a total cost of $34,351.75, which was split 2 for 1 on January 26,1998. This gave us a total of 1,000 shares as of close of business on June 5, 1998 at a cost of $34,351.75. After the merger with Hewlett-Packard Company, our 1,000 shares were exchanged for 632 shares of Hewlett-Packard shares which had a value of $12,734.80 on July 31, 2004. This gives us a paper loss as of July 31, 2004 of $21,616.95.

    The Class Action Attorneys some how concluded that we had not lost on our October 24, 1997 purchase as per above. We dispute this finding since our intention was not to hold the stock long-term but to turn it over within a short period as we had done with our earlier purchase made August 7, 1997. Our situation may have been different than most, since we made the October 24, 1997 purchase on margin. The only reason we didn't sell our shares sooner was because of the misinformation and misrepresentations of the Compaq management during the Class Action period July 10,1997 through March 6,1998. If we would have sold our shares during the period when we intended to sell them, we would have incurred a lost greater than the gain we made on the sale of the 1,000 shares on August 20, 1997.

    We would appreciate it if the Court would review our case and make us part of the distribution.

Sincerely,

Robert J. Manns

JoAnn Manns